UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD McCASKILL,                          Case No. 14-12157

            Plaintiff,                    Robert H. Cleland
v.                                         United States District Judge

R. HAAS, PEOPLE OF THE                     Michael Hluchaniuk
STATE OF MICHIGAN                          United States Magistrate Judge

           Defendants.

_____/

## REPORT AND RECOMMENDATION
## RULE 41(B) DISMISSAL AND MOTION TO DISMISS (Dkt. 19)

**I.   PROCEDURAL HISTORY**

Plaintiff, an inmate formerly in the custody of the Michigan Department of

Corrections, brings this action under 42 U.S.C. § 1983, claiming a violation of his

civil rights under the United States Constitution.  (Dkt. 1).[1]  On July 22, 2014, this

case was referred to the undersigned for all pretrial purposes by District Judge

Robert H. Cleland.  (Dkt. 10).

On October 7, 2014, defendants filed a motion to dismiss pursuant to Fed.

R. Civ. P. 12(b)(1) and 12(b)(6).  (Dkt. 19).  On October 8, 2014, the Court

entered an order requiring a response to defendants' motion to dismiss by

_____

[1] On December 31, 2014, plaintiff notified the Court that his address changed and that he
now resides at the Detroit Rescue Mission.  (Dkt. 23).

1

November 24, 2014. (Dkt. 20). To the extent plaintiff intended the pleading filed at Docket 22 to be his response to defendants' motion to dismiss, the undersigned concluded that it was wholly insufficient. Plaintiff was directed to file a response to defendants' motion to dismiss, including a written brief, in accordance with Eastern District of Michigan Local Rule 7.1 by March 13, 2015.

On March 13, 2015, plaintiff filed a document titled "Motion for Wrongful Conviction." (Dkt. 25). This pleading, like plaintiff's many other submissions, was virtually incomprehensible and provided absolutely no legal or factual basis for the Court to provide any relief. Plaintiff's pleading was stricken and plaintiff was directed to file a response to defendants' motion to dismiss by April 10, 2015. (Dkt. 26). That order provided that **"failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party."** (Dkt. 26) (emphasis in original). A review of the docket revealed that plaintiff had not filed a timely response to this motion. Thus, the Court issued an order for plaintiff to show cause in writing by May 15, 2015, why the undersigned should not recommend that plaintiff's complaint be dismissed for failure to file a response. (Dkt. 27). Alternatively, the Court indicated that plaintiff could file a response to the motion to dismiss by that same date. *Id*. In the show cause order, the Court specifically warned that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion to**

**dismiss will result in a recommendation that the motion be granted or that the entire matter be dismissed under Rule 41(b)**." (Dkt. 27) (emphasis in original). Plaintiff failed to timely respond to the show cause order or file a response to the pending motion.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 19) be **TERMINATED** as **MOOT**.

## II.    ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed. Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991

3

(6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991).

Further, "a district court can dismiss an action for noncompliance with a local rule

... if the behavior of the noncomplying party rises to the level of a failure to

prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173

F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals.  As to involuntary

dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these
> rules or a court order, a defendant may move to dismiss
> the action or any claim against it. Unless the dismissal
> order states otherwise, a dismissal under this subdivision
> (b) and any dismissal not under this rule - except one for
> lack of jurisdiction, improper venue, or failure to join a
> party under Rule 19 - operates as an adjudication on the
> merits.

Fed.R.Civ.P. 41(b).  "Neither the permissive language of [Rule 41(b)] – which

merely authorizes a motion by the defendant – nor its policy requires us to

conclude that it was the purpose of the Rule to abrogate the power of courts,

acting on their own initiative, to clear their calendars of cases that have remained

dormant because of the inaction or dilatoriness of the parties seeking relief." *Link

v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).  "The authority of a federal trial court

to dismiss a plaintiff's action with prejudice because of his failure to prosecute

cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of*

4

*Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*).  Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."  *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).  In this case, the Court warned plaintiff multiple times in writing that dismissal in defendants' favor would be granted if he failed to file a response to the motion and to the order to

5

show cause.  (Dkts. 26, 27).  Thus, this factor weighs in favor of dismissal.  With

respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5

(E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to

willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to

defend an action," that plaintiff has "apparently abandoned, not to mention the

investment of time and resources expended to defend this case."  *Id*.  Thus, the

first and second factors weigh in favor of dismissal.  Finally, given plaintiff's

failure to file responses as ordered and failure to respond to the order to show

cause, the undersigned sees no utility in considering or imposing lesser sanctions.

Thus, none of the factors weigh against dismissal for failure to prosecute.  Given

the foregoing conclusions, the undersigned also recommends that all pending

motions be terminated as moot.

It is true that "district courts should be especially hesitant to dismiss for

procedural deficiencies where, as here, the failure is by a *pro se* litigant."  *White*,

2008 WL 2216281, at *5, quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear

pattern of delay."  *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a

*sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a]

case."  *White*, 2008 WL 2216281, at *5, citing *Washington v. Walker*, 734 F.2d

1237, 1240 (7th Cir. 1984); *see also Labreck v. U.S. Dep't of Treasury*, 2013 WL

6

511031, at *2 (E.D. Mich. 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).  The undersigned concludes that, for the reasons discussed above, plaintiff has "engaged in a clear pattern of delay" by repeatedly failing to comply with orders of the Court and by otherwise failing to respond to the motions for summary judgment.  Under these circumstances, in the view of the undersigned, dismissal with prejudice is appropriate.

## III.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint against defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (Dkt. 19) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 1, 2015                         s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

8

## **CERTIFICATE OF SERVICE**

I certify that on <u>June 1, 2015</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Edward McCaskill, DRMM, 3535 Third Street, Detroit, MI 48201</u>.

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
